HARTUS R. WILKINSON, PLAINTIFF-APPELLANT, v. JOSEPH P. WALSH, DEFENDANT-RESPONDENT.

Submitted February 15, 1935—Decided May 17, 1935.

For the plaintiff-appellant, *Harvey G. Stevenson* (*Samuel Weitzman,* of counsel, on the brief).

For the defendant-respondent, *William J. McCormack.*

The opinion of the court was delivered by

WELLS, J. This is an appeal by the plaintiff from a judgment of the Essex County Circuit Court entered upon a verdict of a jury directed by the court in favor of the defendant.

The suit was brought to recover for damages occasioned to plaintiff's automobile in collision with an automobile owned and operated by the defendant.

The sole ground of appeal is that the trial court should have submitted the case to the jury.

Of course, on this appeal, we are not concerned with the

credibility of witnesses nor with the weight of the evidence. *Davis et al.* v. *Public Service Co-ordinated Transport,* 113 *N. J. L.* 427.

Motions for nonsuit and to direct a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied." *Fine and Jackson, &c., Corp.* v. *Lehigh Valley Railroad Co.,* 110 *N. J. L.* 385.

In the instant case we believe that the conflicting evidence presented a case for the jury.

There was testimony to the effect that the plaintiff was driving in the daytime in his automobile with his wife and a friend, in an easterly direction toward New York on the southerly side of the Lincoln highway crossing the Hackensack river bridge in Kearny. It was raining and the roadway was wet. Plaintiff's automobile was traveling on the right-hand side of the road, approximately four or five feet from the girders which protect the sidewalks, at about twenty to twenty-five miles per hour.

There was room on the bridge for four cars abreast. As plaintiff was forty to fifty feet on the bridge he saw two cars coming in the opposite direction on their right or northerly side of the bridge, one following directly behind the other.

When the cars were about twenty-five to thirty feet away plaintiff first took particular notice of them. It was then that the second car, owned and operated by the defendant, suddenly pulled out to pass the first car and in doing so the right rear of defendant's car struck the left rear of the first car and then defendant's car swerved or skidded over to the left or southerly side of the roadway striking and damaging plaintiff's car and causing it to swing from the right side of the roadway in which it was traveling, in a half circle across the roadway into the truck which had been proceeding on its right side of the road behind the defendant's car in the direction defendant was traveling, and was at a standstill when it was hit.

The speed of defendant's car was estimated by plaintiff at twenty-five or thirty miles an hour, and by another witness as "coming very fast."

There was testimony that after the accident, plaintiff had a conversation with the defendant, in which defendant said that he had been to take some friends to a boat, who were going on an outing, and that he had not driven his car for about six months and the brakes were no good, that they didn't work.

The driver of the truck following defendant's car testified that defendant had pulled out to pass another car on the bridge and in so doing the wheels of his automobile caught in the car tracks and this caused defendant's car to strike the car which it was about to pass and skid to the left side of the roadway and hit plaintiff's car.

No motion was made for a nonsuit at the close of plaintiff's case.

The defendant's version of the accident differed. He denied that his car had skidded on the rails at any time before the collision. He testified that he was traveling in a westerly direction on the bridge on his righthand side at about fifteen to eighteen miles per hour, and that other cars were traveling in the same direction in a lane to his right and that as he was passing a car on his right it pulled to its left, striking the right rear of defendant's car and causing it to skid over to the wrong side of the road where it was struck by the plaintiff's car. He said that plaintiff's car was traveling at a high rate of speed and didn't do anything to avoid the collision except to swerve about a foot when he was hit.

Taking as true all the evidence which supports the plaintiff's view and giving him the benefit of all legitimate inferences which may be drawn therefrom, in his favor, it would appear that the defendant pulled out of a lane of traffic at a high rate of speed, traveling on the wet roadway of a bridge containing trolley car rails, with brakes that didn't work, and in so doing, collided with a car in front of him and then swerved across the roadway into the path of plaintiff's car, which was where it lawfully should be, and struck and damaged it.

We held in *Rush* v. *Jeffries*, 110 *N. J. L.* 307, that a defendant owed a duty to use reasonable care in the operation of an automobile and under the conditions of the weather (rain, wind and snow) a greater degree of care was imposed than would have been required under other conditions.

It seems clear to us that it was for the jury and not for the court to determine whether the defendant operated his car as a reasonably prudent person would do under the same or similar circumstances, and that the question as to the plaintiff's contributory negligence was also one for the jury to determine.

We are of the opinion that it was error for the trial court to direct a verdict for the defendant.

The judgment of the Essex County Circuit Court is therefore reversed, and a *venire de novo* is directed to issue.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ.   14.